UNITIED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF NORTH DAKOTA

| | |
|---|---|
| STEVEN RALSTON<br>4484 122nd Ave. NE<br>Petersburg, ND 58272<br><br>    Plaintiff,<br><br>vs.<br><br>PFG TRANSCO, INC.<br>Serve: National Registered Agents, Inc.<br>   300 Montvue Rd.<br>   Knoxville, TN 37919-5546<br><br>and<br><br>PERFORMANCE TRANSPORTATION<br>LLC D/B/A PERFORMANCE FOOD<br>GROUP<br>Serve: Registered Agent: A. Brent King<br>   12500 West Creek Parkway<br>   Richmond, VA 23238<br><br>and<br><br>PERFORMANCE FOOD GROUP INC.<br>Serve: Registered Agent: National<br>   Registered Agents, Inc.<br>   120 West Sweet Ave.<br>   Bismarck, ND 58504<br>and<br><br>KENNETH O. LESTER COMPANY, INC.<br>D/B/A PFG CUSTOMIZED<br>DISTRIBUTION<br>Serve: 245 Castle Heights Ave. North<br>   Lebanon, Tennessee 37807<br><br>ERIC NATHANIEL SHIPE<br>Serve: New Castle Correctional Facility<br>   DOC No. 942173<br>   1000 Van Nuys Rd.<br>   New Castle, IN 47362<br><br>    Defendants. | Case No. |

1

# COMPLAINT

COMES NOW Plaintiff, STEVEN RALSTON, by and through his undersigned counsel of record, and for his Complaint for Damages against Defendants PFG TRANSCO, INC.; PERFORMANCE TRANSPORTATION LLC D/B/A PERFORMANCE FOOD GROUP; PERFORMANCE FOOD GROUP INC., and KENNETH O. LESTER COMPANY, INC., D/B/A PFG CUSTOMIZED DISTRIBUTION (hereinafter referred to collectively as "Defendants PFG") and ERIC NATHANIEL SHIPE, sets forth, states and avers as follows:

## I.     Venue and Jurisdiction

1.     That venue in this cause is proper pursuant to 28 U.S.C. Sec. 1391 (b)(1) in that a substantial part of the events' omissions giving rise to the claim occurred, were in the United States District Court of North Dakota.

2.     That venue is proper against Defendants in the United States District Court for the Eastern District of North Dakota, in that this cause arose from a motor vehicle collision in Nelson County, North Dakota.

3.     That subject matter jurisdiction is conferred upon this court pursuant to 28 U.S. C. Sec. 1332, in that Plaintiff is a citizen of the State of North Dakota, and Defendants are all residents of foreign states other than North Dakota, such that complete diversity exists between the Plaintiff and all Defendants; the cause presents matters in controversy of value that exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it between citizens of different states.

4.     That the exercise of personal jurisdiction against Defendants does not violate fundamental fairness and dictates the Due Process Clause of the United States Constitution, in that Defendants committed tortuous acts within the State of North Dakota, such that the exercise of

personal jurisdiction comports with Rule 4 of the North Dakota Rules of Civil Procedure, and the North Dakota and United States Constitution.

## II.     ALLEGATIONS COMMON TO ALL COUNTS

### Parties

5.      That Plaintiff Steven Ralston is an individual and resident of the State of North Dakota, residing at 4484 122nd Ave NE, Petersburg, North Dakota 58272.

6.      That Defendant Eric Shipe is a resident of DeKalb County, Indiana, however, is currently incarcerated in the Indiana Department of Corrections, New Castle Correctional Facility, DOC No. 942173, 1000 Van Nuys Rd., New Castle, IN 47362, where he is expected to reside for the next 11 years on a term of confinement for felony child molestation convictions.

7.      That Defendant PFG Transco, Inc., is a Tennessee Corporation, and is an interstate motor carrier registered with the Federal Motor Carrier Safety Administration, USDOT #35568, MC #208086, 2017 MCS-150 mileage 45,068,357, operating over 400 power units, authorized to haul Fresh Produce, Meat, Chemicals, Refrigerated Food and Beverages in interstate commerce. Defendant PFG Transco, Inc. purports in public filing to have a principal address of 245 North Castle Heights Avenue, Lebanon, Tennessee, 37087-2741 but in fact conducts all substantive business operations out of Performance Food Groups Company, corporate offices located at 12500 West Creek Parkway, Richmond, Virginia 23238.  Defendant PFG Transco, Inc. may be served through its registered agent National Registered Agents, Inc. 300 Montvue Road, Knoxville, Tennessee, 37919.

8.      That Defendant Performance Transportation LLC d/b/a Performance Food Group, is a Delaware Limited Liability Company and is an interstate motor carrier registered with the Federal Motor Carrier Safety Administration, USDOT #270150, MC #199118, 2018 MCS-150 mileage 117,328,238, operating over 2539 power units, authorized to haul Fresh Produce, Meat, Chemicals,

Refrigerated Food and Beverages in interstate commerce, with its principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238, and may be served through its Registered Agent, A. Brent King at 12500 West Creek parkway, Richmond, Virginia, 23238-0000.

9. That Defendant Performance Food Group Inc. is a Colorado corporation with its principal place of business in the State of Virginia, located at 12500 West Creek Parkway, Richmond Virginia, 23238. Licensed and registered to do business in the State of North Dakota, and may be served through its registered agent; National Registered Agents, Inc. 120 West Sweet Ave, Bismarck, ND, 58504-5566.

10. That Defendant Kenneth O. Lester Company, Inc. D/B/A PFG Customized Distribution is a parent company of Defendant PFG Transco, Inc., and in turn a subsidiary of Defendant Performance Food Group, Inc., which is itself a wholly owned subsidiary of Performance Food Group Company. Defendant Kenneth O. Lester Company may be served through its principal address of 245 Castle Heights Ave. North Lebanon, Tennessee, or through the ND Secretary of State (N.D.C.C. Sec. 10-01.1-13), 600 E. Boulevard Ave., Dept 108, Bismarck, ND 58505-0500.

11. That the Performance Food Group Defendants have trucking operations which account for 156 million road miles per year, serving 200,000 customers, through over 100 distribution locations, and employing close to 25,000 employees.

12 That Defendants Kenneth O. Lester Company; Defendant PFG Transco, Inc.; Performance Food Group Inc.; and Performance Transportation LLC are hereinafter collectively referred to as "*Performance Food Group Defendants,*" or "*Defendants PFG.*"

## Operations of the Performance of the Food Group Defendants

13. That the operations of all of the Performance Food Group Defendants are directed, controlled, and coordinated centrally and jointly primarily through their offices located at 12500 West Creek Parkway, Richmond Virginia.

14. That the policies, procedures, and management of fleet safety, risk management, and fleet management, albeit inadequate, are centrally promulgated, directed, and controlled by employees of Defendant Performance Food Group, Inc., and its subsidiaries.

15. That the Performance Food Group Defendants have a track record of grossly negligent vetting drivers, in a manner consistent with the Federal Motor Carrier Safety Administration's Regulations, including allowing drivers with moving violations, which would disqualify them from driving 80,000 pound tractor trailers down the highways of this nation.

16. That the Performance Food Group Defendants have extensive commercial trucking operations throughout the 48 contiguous lower states, including the State of North Dakota, in which they have systematically availed themselves of the State's highway and paid use taxes regarding the same.

17. That Defendant Shipe was fatigued and falling asleep at the time of the collision at issue.

18. That fatigue and distraction are among the major risk factors associated with commercial motor vehicle (CMV) crashes. The effects of fatigue on drivers include impaired performance, loss of attentiveness, slower reaction times, impaired judgment and increased probability of falling asleep.

19. That the Performance Food Group Defendants have a track record of encouraging, directing, and/or allowing fatigued drivers to drive, or to "force dispatch" such drivers in violation of Part 395 section 395.3(a)(2) and section 395.3(a)(3) of the Federal Motor Carrier Safety Regulations. For example, and not limited to: On January 8, 2016, Defendants dispatched Felton Thomas, their employee, while too tired and without having the required full, uninterrupted, ten-hour break/rest period, on Interstate 40 in Oklahoma, where Mr. Thomas fell asleep, causing a catastrophic accident.

20. That the Performance Food Group Defendants allow drivers to operate tractor trailers in violation of hours of service or when otherwise fatigued, to the point of falling asleep at the wheel while in interstate commerce.

21. That the Performance Food Group Defendants allowed a driver who had been fired from a prior employer for testing positive for drug use to drive.

22. That the historical grossly negligent vetting of drivers in a manner inconsistent with the FMCA Regulations was continued in kind with respect to Defendant Shipe.

23. That the Performance Food Group Defendants failed to properly institute *Safety Management Controls*, through policies, programs, practices, and procedures to ensure compliance with applicable safety regulations which ensure the safe movement of products through the transportation system.

24. That the mechanical systems on Defendants' 2016 Freightliner tractor had defective and dangerous brakes in violation of 49 C.F.R. 393.53.

25. That the historical lack of Safety Management Controls exhibited by the Performance Food Group Defendants includes: Commercial driver's license standard violations (Part 383); The use of unqualified drivers (Part 391); Improper use and driving of motor vehicles (Part 393); Unsafe vehicles operation (Part 393); the use of fatigued drivers (Part 395); Inadequate inspection, repair and maintenance of vehicles (Part 396); and shows gross negligence on the part of the motor carrier.

26. That the actions of Defendants exhibited no care at all, evidencing a reckless and willful neglect for the safety of others, including Plaintiff.

27. That the willful and wanton acts evidencing malice towards the traveling public set forth herein are exhibited in the hiring of Defendant Shipe, and entrusting him with an 80,000 pound vehicle, who at the time of the collision at issue had a reckless and dangerous driving history, such

that hiring him and entrusting him with a commercial motor vehicle, specifically the 2016 Freightliner truck, VIN No. 1FUJGLD57GLHT0242, violated the Federal Motor Carrier Safety Administrations regulations.  That history consisted of, ***but was not limited*** to the following:

  a.  Disregarding automatic signal
     Allen, IN Superior Court – November 12, 1996;

  b.  Violation of learner's permit
     Allen, IN Superior Court – July 2, 1997;

  c.  Failure to prove financial responsibility
     Allen, IN Superior Court – July 2, 1997;

  d.  Driving while suspended
     Allen, IN Superior Court – July 2, 1997;

  e.  Driving while suspended
     Allen, IN Superior Court – October 31, 1997;

  f.  Failure to use lights
     Allen, IN Superior Court – October 31, 1997;

  g.  No operator's license when required
     Allen, IN Superior Court – October 31, 1997;

  h.  Operate vehicle while suspended
     Allen, IN Superior Court – May 1, 1998;

  i.  Operate vehicle while suspended
     Allen, IN Superior Court – May 13, 1998;

  j.  False and fictitious registration
     Allen, IN Superior Court – May 13, 1998;

  k.  Operate vehicle while suspended
     Allen, IN Superior Court – March 14, 2000;

  m.  No operator's license when required
     Allen, IN Superior Court – March 15, 2000;

  n.  Unauthorized use of railroad routeway
     Allen, IN Superior Court – December 22, 2000;

  o.  Operate vehicle while suspended
     Allen, IN Superior Court – November 30, 2005;

p.  Failure to wear safety belt
    Allen, IN Superior Court – November 30, 2005;

q.  No operator's license when required
    Allen, IN Superior Court – November 30, 2005;

r.  No tail lights
    Whitley, IN Superior Court – January 23, 2006;

s.  Logbook violation
    LaPorte, IN Superior Court – November 6, 2006;

t.  Failure to wear safety belt
    Allen, IN Superior Court – March 12, 2009;

u.  Exceeded max lawful speeds
    Allen, IN Superior Court – August 27, 2009;

v.  Failure of occupant to use safety belt
    New Haven, IN City Court – October 26, 2009;

w.  Driving on wrong side of road
    Whitley, IN Superior Court – August 16, 2010;

x.  Speeding in construction zone (55 in 45 mph zone)
    Lake Superior, IN Court, County Division – November 24, 2010;

y.  Driving while suspended
    Allen, IN Superior Court – August 14, 2012;

z.  Speeding
    Allen, IN Superior Court – August 14, 2012;

aa. Driving while suspended
    New Haven, IN City Court – June 17, 2013; and

bb. Speeding
    New Haven, IN City Court – February 16, 2015.

### III.   FIRST CAUSE OF ACTION
### Direct Negligence and Gross Negligence of Defendant Eric N. Shipe

28.   Plaintiff Ralston incorporates by reference the allegations contained in paragraphs 1 through 27 above as if fully stated herein.

29.   That with respect to the ownership and/or operation of his vehicle at the time in question, Defendant Shipe was negligent. Defendant's negligence included, but was not limited to, the following:

(a)   Defendant failed to keep a careful lookout; or

(b)   Defendant drove while fatigued, in violation of the FMCA Regulations; or

(c)   Defendant knew or by the use of reasonable care could have known that there was a reasonable likelihood of collision in time thereafter to have sounded a warning, or slackened speed and swerved, or stopped but Defendant failed to do so; or

(d)   Defendant drove in a reckless and dangerous fashion, continuing to operate a commercial motor vehicle when not in a physical condition to do so safely; or

(e)   Defendant struck Plaintiff's motorcycle from behind; or

(f)   Defendant operated a commercial motor vehicle with a defective braking system.

30.   That the actions of Defendant Shipe exhibited gross negligence and reckless disregard for the traveling public's safety, including but not limited to Plaintiff Steven Ralston.

31.   That after the initial collision, Defendant Shipe continued to exercise reckless disregard and lack of reasonable care as to Plaintiff's person, as evidenced by the fact that he never locked up his brakes and attempted to stop with any urgency, instead dragging Plaintiff and his motorcycle a great distance down the road.

32.   That as a direct and proximate result of Defendant Shipe's negligence, Plaintiff Steven Ralston sustained serious debilitating injuries, including massive internal injuries, multiple

broken bones requiring extensive hospitalization, repeated surgical intervention and long term care, which nevertheless has led to chronic and permanent injury, disability, pain, suffering and loss of enjoyment of life.

33. That as a further and direct and proximate result of the negligence of Defendant Shipe as set forth above, Plaintiff Steven Ralston sustained lost wages, including lost employment benefits and also incurred substantial medical bills, and is reasonably certain to suffer in the future loss of wages and incur future medical expense.

WHEREFORE, Plaintiff Steven Ralston prays for judgment against Defendant Shipe for an amount in excess of $75,000.00 and all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

### IV.   SECOND CAUSE OF ACTION
### Liability of Defendants PFG based upon direct negligence, agency, respondeat superior and ostensible control

34. Plaintiff Ralston incorporates by reference the allegations contained in paragraphs 1 through 33 above as if fully stated herein.

35. That Defendants PFG are the employer(s) of Defendant Shipe. Defendants PFG, are responsible for the actions of its employee Defendant Shipe, based on a master servant relationship or the doctrine of respondeat superior.

36. That the above-referenced vehicular collision was caused in whole or in part by the negligence of Defendants PFG, whose agent was acting in his capacity as an agent for Defendants PFG, in failing to use the highest degree of care in the operation of the Defendants PFG's vehicle, including but not limited to the following:

    (a)    Defendant failed to keep a careful lookout; or

    (b)    Defendant drove while fatigued, in violation of the FMCA Regulations; or

    (c)    Defendant knew or by the use of reasonable care could have known that there was a reasonable likelihood of collision in time thereafter to have sounded a warning, or slackened speed and swerved, or stopped but Defendant failed to do so; or

    (d)    Defendant drove in a reckless and dangerous fashion, continuing to operate a commercial motor vehicle when not in a physical condition to do so safely; or

    (e)    Defendant struck Plaintiff's motorcycle from behind; or

    (f)    Defendant operated a commercial motor vehicle with a defective braking system.

37. That Defendants failed to properly maintain the braking system on the 2016 Freightliner commercial motor vehicle and its trailer in a reasonably prudent fashion and inconsistent with the Federal Motor Carrier Safety Administrations Regulations.

38. That as a direct and proximate result of the negligence of Defendant Shipe, who was acting in the course and scope of his employment with Defendants PFG, Plaintiff Steven Ralston has been caused to endure and sustain serious debilitating injuries, including massive internal injuries, multiple broken bones requiring extensive hospitalization, repeated surgical intervention and long term care, which nevertheless has led to chronic and permanent injury, disability, pain, suffering and loss of enjoyment of life.

39. That as a further and direct and proximate result of the negligence of the Performance Food Group Defendants, as set forth above, Plaintiff Steven Ralston sustained lost wages and medical bills, and is reasonably certain to suffer in the future loss of wages and incur future medical expense.

WHEREFORE, Plaintiff Steven Ralston prays for judgment on Count IV of this Petition against the Performance Food Group Defendants, for an amount in excess of $75,000.00, and all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

## V.     THIRD CAUSE OF ACTION
### Negligent Entrustment Claims Against PFG Defendants

40. Plaintiff Steven Ralston incorporates by reference the allegations contained in paragraphs 1 through 39 above as if fully stated herein.

41. That at and prior to the collision referred to above, Defendants PFG were the owners, operators, or otherwise had legal custody and control of the truck being driven by Defendant Shipe pursuant to lease agreements with Ryder.

42. That the Performance Food Group Defendants caused or knowingly permitted Defendant Shipe to drive their vehicle upon a highway, and/or gave or furnished the vehicle to Defendant Shipe.

43. That at the time the Performance Food Group Defendants furnished Defendant Shipe with the vehicle, Performance Food Group Defendants knew or reasonably should have known that Defendant Shipe lacked the ability to safely operate the vehicle, was a habitual reckless driver, failed to follow basic commercial driving safety rules, was inadequately trained, supervised, and monitored, and therefore, should not have been entrusted with the Freightliner's use and operation.

44. That as a direct and proximate result of the negligence and gross negligence of the Performance Food Group Defendants in negligently entrusting their vehicle to Defendant Shipe in violation of common law, Plaintiff Steven Ralston has been caused to endure and sustain serious debilitating injuries, including massive internal injuries, multiple broken bones requiring extensive

hospitalization, repeated surgical intervention and long term care, which nevertheless has led to chronic and permanent injury, disability, pain, suffering and loss of enjoyment of life.

45. That the actions of the Performance Food Group Defendants, in allowing Defendant Shipe to operate the truck at issue, in light of the complete lack of experience, training, and licensure of Defendant Shipe, constituted reckless indifference to the rights and physical well-being of Plaintiff, or otherwise wanton conduct.

WHEREFORE, Plaintiff prays for judgment against the Performance Food Group Defendants in an amount in excess of $75,000.00 that is fair and reasonable to compensate him for the significant and substantial damages sustained by Plaintiff, for an amount and all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

## VI. FOURTH CAUSE OF ACTION
### Negligent Training and Supervision Claims Against PFG Defendants

46. Plaintiff Steven Ralston incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully stated herein.

47. That pursuant to Federal Motor Carrier Regulation, 49 CFR 390.11 Defendants PFG is mandated to require observance by its drivers of all duties and regulations imposed by the regulations pursuant to 49 CFR 390 §§ *et seq.*

48. That the Performance Food Group Defendants had the ability to monitor, supervise, train, and audit their drivers through various means, including but not limited to electronic driver logs, GPS monitoring, MVR background checks, audit files, drug testing and other means followed by reasonably prudent commercial vehicle operators of like size and sophistication.

49. That the Performance Food Group Defendants failed to require its drivers to obey and observe the requirements imposed by the above-referenced duties and regulations, including but not limited to those regulations relating to driver fatigue (392.3); hours of service (395.3); daily logs (390.35 and 395.8); proper speed (392.6); and hiring and retention (Part 391).

50. That as a direct and proximate result of such failure on the part of the Performance Food Group Defendants to require observance of the above-referenced duties and regulations, Plaintiff Steven Ralston has been caused to endure and sustain serious debilitating injuries, including massive internal injuries, multiple broken bones requiring extensive hospitalization, repeated surgical intervention and long term care, which nevertheless has led to chronic and permanent injury, disability, pain, suffering and loss of enjoyment of life.

51. That the actions of the Performance Food Group Defendants, in allowing Defendant Shipe to operate the truck at issue, in light of the complete lack of experience, training, and licensure of Defendant Shipe, constituted reckless indifference to the rights and physical well-being of Plaintiff, or otherwise wanton conduct.

WHEREFORE, Plaintiff prays for judgment against the Performance Food Group Defendants in an amount greater than $75,000.00 that is fair and reasonable to compensate him for the significant and substantial damages, and for all other and further relief the Court deems just and proper, together with the costs of this action.

## VII.   FIFTH CAUSE OF ACTION
### Negligent Hiring and Retention Claims Against PFG Defendants

52. Plaintiff Steven Ralston incorporates the allegations contained in paragraphs 1 through 51 above as if fully stated herein.

53. That the Performance Food Group Defendants hired and then retained Defendant Shipe for a position for which he was not properly trained, supervised, experienced, or qualified to hold.

54. That the Performance Food Group Defendants were under the duty to exercise reasonable care to control their employee Defendant Shipe so as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them in that Defendant Shipe was using a vehicle owned by the Performance Food Group Defendants, and the Performance Food Group Defendants knew or had reason to know that it had the ability to control Defendant Shipe, and knew or should have known of the necessity and opportunity for exercising such control.

55. That the Performance Food Group Defendants knew or should with the exercise of reasonable care have known that the actions of Defendant Shipe would create an unreasonable risk of harm to the public by operation of a vehicle he was not properly experienced or trained to drive. That by failing to control, supervise and instead retain Defendant Shipe as an employee operating a commercial vehicle, the Performance Food Group Defendants breached a duty to Plaintiff Ralston.

56. That as a direct result of the above-referenced negligence, Plaintiff Steven Ralston sustained personal injury and caused to endure and sustain serious debilitating injuries, including massive internal injuries, multiple broken bones requiring extensive hospitalization, repeated surgical intervention and long term care, which nevertheless has led to chronic and permanent injury, disability, pain, suffering and loss of enjoyment of life.

57. That as a further direct and proximate result of the negligence of Defendants, as more fully set forth above, Plaintiff is reasonably certain to suffer loss of wages and has suffered and is reasonably certain to suffer in the future loss of wages and income.

58.     That the actions of the Performance Food Group Defendants, in allowing Defendant Shipe to operate the truck at issue, in light of the complete lack of experience, training, and licensure of Defendant Shipe, constituted reckless indifference to the rights and physical well-being of Plaintiff, or otherwise wanton conduct.

WHEREFORE, Plaintiff Steven Ralston prays for damages against Performance Food Group Defendants in an amount in excess of in excess of $75,000.00 and for all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

## Demand for Trial

COMES NOW Plaintiff pursuant to F.R.C.P. 38 and requests a trial by jury on all issues so triable.

**EDEMAN & THOMPSON, LLC**

/s/ *James T. Thompson*
James T. Thompson         MO #37245
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
Tel: (816) 561-3400 / Fax: (816) 561-1664
jamesthompson@etkclaw.com

and

**DAVID C. THOMPSON, P.C.**

David C. Thompson (ND #03921)
Attorney at Law 321
Kittson Avenue
P.O. Box 5235
Grand Forks, ND 58206-5235
(701) 775-7012 *(telephone)*
(701) 775-2520 *(facsimile)*
dct@rrv.net *(e-mail)*

**ATTORNEYS FOR PLAINTIFF**